1  Glenn H. Wechsler, State Bar No. 118456
2  Lawrence D. Harris, State Bar No. 153350
   LAW OFFICES OF GLENN H. WECHSLER
3  1646 N. Main Street, Suite 450
   Walnut Creek, California  94596
4  Telephone: (925) 274-0200
   Email:  *larry@glennwechsler.com*

5  Attorneys for Defendant
6  FIRST AMERICAN TRUSTEE
   SERVICING SOLUTIONS, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 PERFECTO B. AQUINO, JR. and ZENAIDA      )   CASE NO. 3:13-cv-05461-SC
12 ACQUINO,                                 )
                                            )   Assigned to: Hon. Samuel Conti,
13              Plaintiffs,                  )   District Judge
                                            )
14       vs.                                 )   **REPLY TO PLAINTIFFS'**
                                            )   **OPPOSITION TO MOTION TO**
15 U.S. BANK, NATIONAL ASSOCIATION, AS      )   **DISMISS FOR FAILURE TO**
   TRUSTEE FOR THE BANC OF AMERICA          )   **STATE A CLAIM**
16 FUNDING 2006-J TRUST, et al.,            )
                                            )   Date:       February 21, 2014
17              Defendants.                  )   Time:       10:00 a.m.
                                            )   Courtroom:  1, 17th Floor
18                                           )   Trial Date: None
                                            )
19                                           )
                                            )
20                                           )
                                            )
21                                           )

22       Defendant FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLC (hereafter "First

23 American") hereby respectfully submits its Reply to Plaintiffs' Opposition [Docket No. 27] to First

24 American's motion to dismiss for failure to state a claim [Docket No. 18].

25 ///

26 ///

27

28

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS – PAGE 1 OF 9
CASE NO. 3:13-cv-05461-SC

I.   **IF THE JUDGMENT IN THE PRIOR CASE DOES NOT BECOME FINAL, THEN THIS COURT SHOULD ABSTAIN FROM THIS CASE, OR DISMISS IT ENTIRELY**

Plaintiffs contend that the doctrine of *res judicata* does not apply, as the judgment in the prior case will not become final until January 26, 2014, which date is before the date set for hearing on the motions to dismiss [Opposition 6:18-21].   Plaintiffs have not alleged that they have filed a notice of appeal or intend to do so.  Plaintiffs have attached to their Opposition a copy of the case docket in the prior Superior Court Action, which does not show the filing of a notice of appeal as of January 1, 2014 [Docket No. 27-1].  Therefore, one of two things can happen on January 26, 2014: (1) the judgment in the prior case becomes final, and this case will become subject to *res judicata*, or (2) Plaintiffs can file an appeal, and the doctrine of abstention will apply.

In deciding whether a stay is appropriate in the face of a parallel proceeding, courts must consider "'[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" [*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)].  The Court should consider the following factors in deciding whether to stay or dismiss a case: "(1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights." [*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (internal citations omitted)]. Other factors include the prevention of forum shopping and the substantial similarity of the two proceedings; exact parallelism of the actions is not required [*Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005); *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368, 1372 (9th Cir. 1990)].

///

Consistent with those principles, we have held that where there are "pending state court proceedings" involving a single property, the first *Colorado River* factor bars us from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *Lusardi [40235 Washington St. Corp. v. Lusardi, 976 F.2d 587 (9th Cir. 1992) (per curiam)],* 976 F.2d at 588–89; *see also id.* at 589 (holding that when the first *Colorado River* factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary).

[*Sexton v. NDEx West*, LLC (9th Cir. 2013) 713 F.3d 533, 538]

In this case, the Superior Court exercised jurisdiction over the subject property and has rendered a judgment. If Plaintiffs appeal and the judgment is not final, this Court should abstain and either dismiss this case or stay proceedings until the state court litigation is completed, including exhaustion of all appeals. If the prior judgment does become final, then this action will be barred.

Plaintiffs contend, relying on *Keidatz v. Albany* (1952) 39 Cal.2d 826, and *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, that the prior judgment is not a bar to this action to the extent that "new or additional facts" are alleged [Opposition 7:2-7]. The citations to *Keidatz* are piecemeal and give the misleading impression of a broader holding. The pertinent language is set forth below in full:

> Since the former judgment was entered after a general demurrer had been sustained ***with leave to amend***, it is necessary to determine the scope of the doctrine of res judicata in such circumstances. (1) The procedural effect of such a judgment appears to be *sui generis*. It is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will, accordingly, be a bar to a subsequent action alleging the same facts. (*See v. Joughin,* 18 Cal.2d 603, 606-609 [116 P.2d 777]; *Goddard v. Security Title Ins. & Guar. Co.,* 14 Cal.2d 47, 52 [92 P.2d 804]; *Fay v. Crags Land Co.,* 62 Cal.App.2d 445, 448 [145 P.2d 46].) (2) ***Moreover, even though different facts may be alleged in the second action, if the demurrer was sustained in the first action on a ground equally applicable to the second, the former judgment will also be a bar.*** (*Robinson v. Howard,* 5 Cal. 428, 429; *Goddard v. Security Title Ins. & Guar. Co., supra.*) (3) If, on the other hand, new or additional facts are alleged ***that cure the defects in the original pleading***, it is settled that the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint. [citations].

[*Keidatz, supra* at pp. 828-829 (emphasis added)]

Reliance on *Keidatz* and *Marina City* has been criticized under similar facts, and in this judicial district. In the case of *Moore v. Navarro* (N. D. Cal. 2004) 2004 WL 783104, the District Court (Judge

1   Maxine Chesney) stated:

2       Moore's reliance on *Keidatz v. Albany,* 39 Cal.2d 826, 828, 249 P.2d 264 (1952) and
3       *Wells v. Marina City Properties, Inc.,* 29 Cal.3d 781, 789, 176 Cal.Rptr. 104, 632 P.2d
        217 (1981) is unavailing. ***Those cases are distinguishable because they involved prior***
4       ***actions in which a demurrer was sustained with leave to amend.*** In such a situation, if
        "new or additional facts are alleged [in the subsequent action] that cure the defects in
5       the original pleading, it is settled that the former judgment is not a bar to the
        subsequent action whether or not plaintiff had an opportunity to amend his
6       complaint." See *Wells,* 29   Cal.3d   at   789,   176   Cal.Rptr.   104,   632   P.2d
        217 (citing *Keidatz,* 39 Cal.2d at 828, 249 P.2d 264). ***In   the   prior   action   here,   a***
7       ***demurrer was sustained on the merits without leave to amend.***

8       [*Moore v. Navarro, supra,* at *6, fn. 7 (emphasis added)]

9       The demurrers in the prior action filed by Plaintiffs herein were also sustained *without leave to*

10  *amend.*   Also, Plaintiffs allege in conclusory fashion that they "have alleged 'new and additional facts'

11  that cure the pleading defects of the prior action" but do not allege what those new facts are, or why they

12

13  might "cure" the prior defects [Opposition 7:8-11].   As stated in First American's motion, "*Res judicata*

14  prevents litigation of all grounds for, or defenses to, recovery that were previously available to the

15  parties, *regardless of whether they were asserted or determined in the prior proceeding.*" [*Brown v.*

16  *Felsen* (1979) 442 U.S. 127, 131; 99 S.Ct. 2205 (emphasis added)].   The motion should be granted.

17

18  ## II.   THE GLASKI CASE IS NOT BINDING, HAS NOT BEEN FOLLOWED, AND IS NOT PERSUASIVE

19      Just as with the Complaint, Plaintiffs base their entire argument regarding securitization on a

20  single case out of the California Court of Appeal, *Glaski v. Bank of America, N. A.* (2013) 218

21  Cal.App.4[th] 1079.   The issue addressed in *Glaski,* whether a borrower had standing to bring a claim for

22  breach of a "pooling and servicing agreement" ("PSA") to which it was not a party, has not been

23

24  addressed by the California Supreme Court or the 9th Circuit.   Another Court of Appeal case, cited in the

25  motion [*Jenkins v. JP Morgan Chase Bank, N. A.* (2013) 216 Cal.App.4[th] 497, 515], found that no such

26  standing exists. Other courts have declined to follow *Glaski* as neither binding nor persuasive [*Newman*

27  *v. Bank of New York Mellon* (E. D. Cal. 2013) 2013 WL 5603316, fn. 2; See also *Apostol v.*

28

1    *CitiMortgage, Inc.* (N. D. Cal. 2013) 2013 WL 6328256 at *6 ("*Glaski* represents a distinct minority

2    view")]. Other courts, outside of California, have also criticized *Glaski*. For example, see *Deutsche*

3    *Bank Nat'l Trust Co. v Adolpho*, No 12 C759, 2013 WL 4552407 at *3 (N.D. Ill Aug. 28, 2013) ("[W]e

4    are persuaded by the courts that have held that a transfer that does not comply with a PSA is voidable,

5    not void.") (expressly disagreeing with *Glaski*). Even if *Glaski* were correctly decided, Plaintiffs have

6    not shown any prejudice "as a result of any lack of authority of the parties participating in the foreclosure

7    process" [*Siliga v. Mortgage Electronic Reg. Systems, Inc.* (2013) 219 Cal.App.4th 75, 85; *Fontenot v*

8    *Wells Fargo Bank*, N. A. 198 Cal.App.4th 256, 272 ("an assignment merely substituted one creditor for

9    another, without changing [plaintiff's] obligations under the note")]. Plaintiffs have ignored these

10   arguments and authorities entirely and merely restate the argumentative contentions in the Complaint,

11   which rely solely on *Glaski* and cite no other authorities in support. Based on the foregoing, Plaintiffs

12   lack standing to assert a cause of action based on a purported transfer of the Deed of Trust in violation of

13   the PSA. The motion should be granted.

14   

15   **III.    PLAINTIFF HAS NOT PROPERLY ALLEGED MALICE OR ANY
          FACTS SUPPORTING SUCH AN ALLEGATION, AND THE SLANDER
          OF TITLE CLAIM FAILS**

16   

17   

18       As stated in the motion, Plaintiff's slander of title cause of action fails without a proper allegation

19   of malice. Lack of privilege is an essential element of a cause of action for slander of title [See *Grudger v.*

20   *Manton*, (1943) 21 Cal. 2d 537, emphasis added, disapproved on other grounds in *Alberston v. Raboff*, (1956)

21   46 Cal. 2d 375, 381.] Actions of foreclosure trustees in recording notices are privileged in absence of malice

22   [*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333-334]. Malice is present when "the publication

23   was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked

24   reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of

25   

26   the plaintiff's rights" [*Kachlon, supra* at 336, citing *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406,

27   413, and *Noel v. River Hills Wilsons, Inc.*(2003) 113 Cal.App.4th 1363, 1370)]. Plaintiffs' allegations of

28

malice are conclusory and fallacious.  They state that the recordings were malicious because:

> Defendant acted with malice and with reckless disregard of the rights of Plaintiffs by recording documents that had no basis in fact… The recording of these documents cast doubt on Plaintiffs' title.  Plaintiffs have suffered a direct financial loss … because they were forced to retain legal counsel to protect their interest…

[Opposition 4:19-25]

These allegations are baseless and conclusory in the extreme.  This purported defect is based entirely on *an off-record document*, the PSA.  Plaintiffs can point to nothing in the chain of title showing any break in the chain, or any other basis for First American acquiring actual or constructive knowledge of any defect.  In the great majority of cases, these far-fetched theories have not been given credence, and even if Plaintiffs' theories were subsequently validated, that is very different from saying that the recordings were *malicious when made*.  Plaintiffs have failed to point allege how First American would come to know of any such defect, or that it *knowingly* commenced foreclosure proceedings without authority to do so.  Malice has not been properly alleged.

Furthermore, pecuniary damage has not been shown.  In the *Seeley* case cited by Plaintiffs in the Opposition [*Seeley v. Seymour* (1987) 190 Cal.App.3d 844], the Court stated:

> California has adopted the definition of the tort set forth in section 624 of the Restatement of Torts, which provides: "One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land … under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused." [citations].   The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss… "[P]rotection from injury to the salability of property is the thrust of the tort." ( *Howard v. Schaniel supra.*, 113 Cal.App.3d at p. 264). Therefore, the key to whether the defendant's conduct is actionable is not whether he has succeeded in casting a legal cloud on the plaintiff's title, but whether he could reasonably foresee that "the conduct of a third person as purchaser or lessee [of the property] *might be determined thereby*…." (Rest., Torts, § 624, italics added.)

[*Seeley, supra*, at pp. 857-858]

///

///

Here there is no "cloud" on title or impairment of the vendibility of the property. Plaintiffs granted the deed of trust, which is admitted; they only contest to propriety of the assignments and the foreclosure proceedings. If the property was offered for sale, the loan would be paid off, whether it was in default or not. The foreclosure proceedings have no effect whatsoever on vendibility. Also, Plaintiffs have not alleged that they offered the property for sale. Plaintiffs have failed to allege falsity, lack of privilege, malice, or pecuniary damage. The motion should be granted.

## IV. FIRST AMERICAN IS NOT AN "ASSIGNEE" OF THE DEED OF TRUST OR OTHERWISE SUBJECT TO THE TRUTH IN LENDING ACT

As argued in the Motion, First American is not a "creditor" as that term is defined in the Truth in Lending Act ("TILA") and is not subject to the Act. Plaintiff states that TILA "creates liability for the assignee of a loan's original creditor and their agents..." relying on an apparently unreported decision in the District Court for the Eastern District, *Vogan v. Wells Fargo Bank, N. A.*, Case No. 2:11-cv-021098-JAM-AC (Nov. 17, 2011) [Opposition 12:8-11]. Plaintiffs did not provide a copy of this opinion; a true and correct copy is attached to this Reply as Exhibit A. The District Court stated in *Vogan* that:

> Due to the limited duties and lack of beneficial interest assigned to the trustee of a deed of trust, federal courts in California hold that TILA does not apply to the trustee of a deed of trust. *Guerrero v. Citi Residential Lending, Inc.*, No. CV F 08-1878 LJO GSA, 2009 WL 926973, at *4 (E.D. Cal. Apr. 3, 2009) (holding that TILA does not apply to the trustee of a deed of trust and explaining that the limited role of such a trustee under California law precludes TILA liability).

[*Vogan, supra*, at p. 7-8]

*Vogan* holds the opposite of the proposition offered by Plaintiffs. A foreclosure trustee such as First American is not subject to TILA *as a matter of law*. Also, they speculate that because First American signed a Substitution of Trustee on behalf of Wells Fargo as attorney in fact, "this suggests that Defendant is not merely an agent for purposes of the foreclosure, but has a deeper agency relationship... [Plaintiffs] are entitled to discover facts related to this relationship." Signature by an attorney in fact is authorized by Civil Code 1095. Use of an attorney in fact to execute documents does

not create a general agency relationship. These are wildly speculative claims with no basis in fact or law. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*" [*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950, 77 USLW 4387 (U. S., 2009) (emphasis added)]. First American is not subject to TILA. The motion should be granted.

## V. PLAINTIFFS LACK STANDING TO STATE A CAUSE OF ACTION UNDER BUS. & PROF. CODE §17200

Plaintiffs again ignore the arguments set forth in the motion. One of the principal objections to the Bus. & Prof. Code cause of action was the lack of standing. Plaintiffs do not address this argument at all. As stated in the motion, an "economic injury" consisting of a loss of money or property is required [Bus. & Prof. Code §17204; *McAdams v. Monier, Inc.* (2010) 182 Cal.App.4th 174, 188; *Kwikset Corp. v. Superior Court* (2010) 51 Cal.4th 310]. Plaintiffs have not alleged a sale of the property or any other "economic injury." There is no independent vitality to this cause of action, which are based on Plaintiffs' baseless securitization theories set forth in the other causes of action. These theories are without merit for the reasons stated above. To the extent Plaintiffs are making a claim under the "fraud" prong of the statute, they have failed to comply with Fed. R. Civ. P. 9(b). They have alleged no "unfair, unlawful or fraudulent" act, and lack standing. The motion should be granted.

## VI. PLAINTIFFS HAVE FAILED TO ALLEGE AN "ENTERPRISE" OR A CRIMINAL ACT

Plaintiffs' civil RICO claims also fail. They have not alleged an "enterprise," only a single loan transaction. Plaintiffs "allege that Defendant's actions occurred on a mass scale," but that is a conclusory statement not supported by the allegations in the Complaint. Plaintiffs contend that mailing of the foreclosure notices constituted mail or wire fraud, but have not addressed the elements of such a claim [Opposition 14:18-24]. 18 U.S.C. §1843 requires "obtaining money or property by means of false or fraudulent pretenses, representations, or promises." Plaintiffs have not alleged that First American

obtained any "money or property." It is merely a foreclosure trustee with no beneficial interest in the property, which has not been sold. Plaintiffs have not properly alleged a single criminal act. The RICO claim fails, and the motion should be granted.

**VII.    CONCLUSION**

Plaintiffs attempted to state claims and causes of action that have already been rejected by the Superior Court. As the claims are barred as a matter of law, further amendment would be futile [*Schreiber Dist. Co. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1401; *Chang v. Chen* (9th Cir. 1996) 80 F.3d 1293, 1301; *Klamath-Lake Pharmaceutical Ass'n. v. Klamath Med. Svc. Bureau* (9th Cir. 1983) 701 F.2d 1276, 1293; *Zucco Partners, LLC v. Digimarc Corp.* (9th Cir. 2009) 552 F.3d 981, 1007]. The motion should be granted, and the case dismissed *with prejudice*.

DATED: January 9, 2014             LAW OFFICES OF GLENN H. WECHSLER

By:    /s/ Lawrence D. Harris
          LAWRENCE D. HARRIS

E:\Glenn\DOCS\FATCO\Aquino\Reply.MTD

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLI VOGAN and HAROLD TRAUPEL, individuals, | Case No. 2:11-CV-02098-JAM-KJN |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6). |
| v. | |
| WELLS FARGO BANK, N.A.; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2005-AR12; WELLS FARGO HOME MORTGAGE; and FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS FORMERLY KNOWN AS FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and Does 1-100, inclusive, | |
| Defendants. | |

This matter is before the Court on Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank, N.A. as Trustee for WFMBS 2005-AR12's ("U.S. Bank") Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(B)(6) ("MTD") (Doc. #10). The motion is joined by Defendant First American Trustee Servicing Solutions ("First American") (Doc. #12) (Wells Fargo and U.S. Bank are collectively referred to as "Defendants"). Defendants also submitted a Request for Judicial Notice (Doc.#11).

1

1   Plaintiffs Billi Vogan and Harold Traupel (collectively

2   "Plaintiffs") oppose the motion ("Opposition") (Doc. #16).

3

4            I.   PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

5            This action is predicated on the non-judicial foreclosure of

6   Plaintiffs' home, located at 20066 Wildwood West Drive, Penn

7   Valley, California ("the Property"), by Defendants.  Wells Fargo as

8   the successor to Wells Fargo Home Mortgage was the original lender

9   and was servicer for the loan at all relevant times.  The loan

10  originated on June 29, 2004.  MTD, at 1.  Plaintiffs were current

11  on their payments up until at least August 2010.  Plaintiffs

12  stopped paying their mortgage sometime after that, and First

13  American, acting on Wells Fargo's behalf, recorded a notice of

14  default on the property on December 14, 2010.  MTD, at 1.  Wells

15  Fargo did not substitute First American as trustee until January 4,

16  2011, which was after First American filed the Notice of Default

17  against the property.  MTD, at 1.

18           Prior to defaulting on their loan, Plaintiffs allege that they

19  attempted to contact Wells Fargo to obtain a modification in August

20  2010.  Compl., at 16.  First, Wells Fargo allegedly told Plaintiffs

21  that they qualified for a modification, so long as they were in

22  default for at least three months.  Id.  It was only after they

23  defaulted in order to qualify that Wells Fargo allegedly informed

24  them that their loan was owned by an investor that did not engage

25  in mortgage modification.  Id.  Plaintiffs then asked Wells Fargo

26  to verify the note associated with their mortgage, and the

27  documentation produced by Wells Fargo indicated that Wells Fargo

28  still owned the loan.  Compl., Ex. B.

1    The parties dispute what occurred as far as ownership of the

2 loan.  Plaintiffs claim that the loan was sold to someone who is

3 not yet identified at an unknown time.  Opp., at 2-3.  Defendants

4 claim that the loan was sold to U.S. Bank as trustee of a mortgage

5 backed security ("MBS") named WFMBS 2005-AR12 on January 11, 2011.

6 MTD, at 1-2.  Plaintiffs respond with the allegation that WFMBS

7 2005-AR12 has a closing date of June 16, 2005, which according to

8 the Pooled Security Agreement ("PSA") governing administration of

9 the security is the cut-off date for adding additional property to

10 the WFMBS 2005-AR12 trust.  Opp., at 2-3.  Plaintiffs also allege

11 that the officer who executed the assignment to U.S. Bank on behalf

12 of Wells Fargo was actually a First American employee.  Compl., at

13 11.  Plaintiffs further allege, relying on the closing date for the

14 MBS, that the loan was never actually sold to U.S. Bank as trustee

15 for WFMBS 2005-AR12, and that the assignment of interest recorded

16 on January 11, 2011 was recorded to deceive Plaintiffs as to who

17 owned their loan and who was authorized to foreclose.  Opp., at 3.

18    Plaintiffs filed this federal complaint after their state

19 court complaint was twice dismissed pursuant to Defendants'

20 demurrers.  Plaintiffs claim that they only discovered that

21 Defendants violated federal law just prior to filing their federal

22 complaint, which is why they dismissed the state court complaint

23 and re-filed in the Eastern District.  Opp., at 1.

24    Plaintiffs' Complaint brings ten causes of action against

25 various defendants: (1) Declaratory relief as to the rights and

26 obligations of Plaintiffs and all defendants with regard to the

27 Property and Plaintiffs' mortgage; (2) Negligence against all

28 defendants; (3) Quasi-Contract against Wells Fargo and U.S. Bank;

1   (4) Unfair Competition under California Business & Professions Code

2   § 17200 against all defendants; (5) violation of the Truth in

3   Lending Act ("TILA"), 15 U.S.C. § 1641(g) against U.S. Bank;

4   (6) Accounting against Wells Fargo and U.S. Bank; (7) Constructive

5   trust against Wells Fargo and U.S. Bank; (8) Wrongful foreclosure

6   seeking to set aside Trustee's Sale against all defendants; (9) To

7   void or cancel trustee's deed upon sale against U.S. Bank and First

8   American; and (10) Quiet Title against U.S. Bank and Wells Fargo.

9       The Court has jurisdiction over the TILA claim against U.S.

10  Bank pursuant to 28 U.S.C. § 1331. The Court has jurisdiction in

11  its discretion over the remaining state law claims if they are

12  pendent from the federal TILA claim pursuant to 28 U.S.C. § 1367.

13      The Court held a hearing on this motion on November 2, 2011.

14  At that hearing, the Court granted First American's motion to

15  dismiss with prejudice.

16

17                          II.  OPINION

18  A.   Legal Standard

19      A party may move to dismiss an action for failure to state a

20  claim upon which relief can be granted pursuant to Federal Rule of

21  Civil Procedure 12(b)(6). In considering a motion to dismiss, the

22  court must accept the allegations in the complaint as true and draw

23  all reasonable inferences in favor of the plaintiff. Scheuer v.

24  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

25  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

26  322 (1972). Assertions that are mere "legal conclusions," however,

27  are not entitled to the assumption of truth. Ashcroft v. Iqbal,

28  129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly,

1   550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a

2   plaintiff needs to plead "enough facts to state a claim to relief

3   that is plausible on its face."  Twombly, 550 U.S. at 570.

4   Dismissal is appropriate where the plaintiff fails to state a claim

5   supportable by a cognizable legal theory.  Balistreri v. Pacifica

6   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

7        Upon granting a motion to dismiss for failure to state a

8   claim, the court has discretion to allow leave to amend the

9   complaint pursuant to Federal Rule of Civil Procedure 15(a).

10  "Dismissal with prejudice and without leave to amend is not

11  appropriate unless it is clear . . . that the complaint could not

12  be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc.,

13  316 F.3d 1048, 1052 (9th Cir. 2003).

14       B.   Request for Judicial Notice

15       Defendants filed a Request for Judicial Notice.  They ask the

16  Court to take judicial notice of 12 publicly recorded or filed

17  documents related to the non-judicial foreclosure process on

18  Plaintiff's property and the resulting state court lawsuit.  RJN,

19  at 2-3.  Plaintiffs oppose the motion only to the extent that it

20  asks the Court to accept the contents of the documents as true.

21  Opp., at 4.

22       Generally, a court may not consider material beyond the

23  pleadings in ruling on a motion to dismiss for failure to state a

24  claim.  The exceptions are material attached to, or relied on by,

25  the complaint so long as authenticity is not disputed, or matters

26  of public record, provided that they are not subject to reasonable

27  dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2

28

1   (C.D. Cal. Mar. 30, 2009) (citing <u>Lee v. City of Los Angeles</u>, 250

2   F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

3        In this case, the items provided by Defendants are the proper

4   subject of judicial notice so long as they are not reasonably

5   subject to dispute.  Based on the above discussion, the contents of

6   two of the exhibits are in dispute: (1) Substitution of Trustee

7   dated January 4, 2011 (RJN Ex. C), and (2) Assignment of Deed of

8   Trust dated January 6, 2011 (RJN Ex. D).  It is appropriate to take

9   Judicial Notice of the other exhibits, and Defendants' request is

10  GRANTED with respect to those exhibits.  Due to the reasonable

11  dispute as to the contents of Exhibits C and D, Defendants' request

12  for judicial notice of those two exhibits is DENIED.

13       C.   <u>Motion to Dismiss</u>

14            1.   <u>The TILA Claim Against U.S. Bank</u>

15       Plaintiffs' sole federal claim is against U.S. Bank for

16  allegedly violating a provision of TILA, 15 U.S.C. § 1641(g).  U.S.

17  Bank seeks dismissal of this claim on the grounds that as a trustee

18  for a mortgage backed security, TILA does not apply to it.

19  Defendants also seek dismissal by arguing that Plaintiffs failed to

20  plead damages arising from a violation of 15 U.S.C. § 1641(g).  For

21  the following reasons, the Court finds that U.S. Bank as trustee

22  for WFMBS 2005-AR12 may be subject to liability arising from a

23  violation of 15 U.S.C. § 1641(g) and therefore Defendants' motion

24  to dismiss this claim must be denied.

25       15 U.S.C. § 1641(g), titled "Liability of Assignees," requires

26  that when an entity purchases or is assigned the beneficial

27  interest in a loan on a property, it must notify the borrower in

28  writing within 30 days of when the loan is transferred.  15 U.S.C.

1  § 1641(g).  Subsection (g) lists the particular information that

2  the assignee's notice must contain.  This subsection only applies

3  to the "new owner or assignee of the debt.  15 U.S.C. § 1641(g).

4  15 U.S.C. § 1640 authorizes a civil action for violations of § 1641

5  for (1) actual damages, or (2) statutory damages that may included

6  (a) damages equal to twice the amount of any finance charge or

7  (b) for a credit transaction secured by real property an amount not

8  less than $400 and not greater than $4000.  15 U.S.C. § 1640(a).

9                    a)    Application of 15 U.S.C. § 1641(g) to Trustees

10       U.S. Bank argues that as a general rule, trustees are not

11  subject to TILA in California because trustees have limited

12  liability in California's non-judicial foreclosure process.

13  Plaintiffs respond that U.S. Bank cannot both foreclose on their

14  home, thereby claiming a beneficial interest in the note securing

15  Plaintiffs' loan, and simultaneously claim that it is not a

16  creditor subject to TILA's provisions.

17       Under California law, the trustee of a deed of trust has no

18  beneficial interest in the mortgage associated with the deed of

19  trust.  Heritage Oaks Partners v. First Am. Title Ins. Co., 66 Cal.

20  Rptr. 3d 510, 514 (Ct. App. 2007).  The trustee for a deed of trust

21  has only two duties: (1) to foreclose the deed of trust upon

22  default, or (2) when the secured debt is satisfied to convey the

23  deed of trust to the borrower.  Id.  Due to the limited duties and

24  lack of beneficial interest assigned to the trustee of a deed of

25  trust, federal courts in California hold that TILA does not apply

26  to the trustee of a deed of trust.  Guerrero v. Citi Residential

27  Lending, Inc., No. CV F 08-1878 LJO GSA, 2009 WL 926973, at *4

28  (E.D. Cal. Apr. 3, 2009) (holding that TILA does not apply to the

1  trustee of a deed of trust and explaining that the limited role of

2  such a trustee under California law precludes TILA liability).

3      U.S. Bank's argument conflates the trustee of a deed of trust

4  with other types of trustees.  To support their position, U.S. Bank

5  cites Wilson v. Wells Fargo Bank, No. C 11-03394 CRB, 2011 WL

6  3443635, at *2 (N.D. Cal. Aug. 5, 2011).  Wilson does support U.S.

7  Bank's position but is without citation to any Ninth Circuit

8  authority.  Id. (citing Hargis v. Wash. Mut. Bank, No. C 10-02341

9  CRB, 2011 WL 724390 (N.D. Cal. Feb. 22, 2011)).  The Hargis case

10 cited by the Wilson court involves the trustee of a deed of trust,

11 not a traditional trustee or as in this case the trustee of a

12 mortgage backed security.  Hargis, 2011 WL 724390, at *2.  It

13 appears that the Wilson court failed to note the distinction

14 between a trustee of a deed of trust and the trustee of a mortgage

15 backed security, as well as the basis for the rule exempting the

16 trustee of a deed of trust from TILA.  The trustee of a deed of

17 trust is exempt from TILA because of its limited role under

18 California law, but there is no analogous reason to exempt other

19 types of trustees from TILA's provisions.

20     The potential breadth of U.S. Bank's position is easily

21 illustrated by hypothetically granting limited liability to a

22 common law trustee.  Under the common law of trusts, a "trustee is

23 subject to personal liability to third persons on obligations

24 incurred in the administration of the trust to the same extent that

25 he would be liable if he held the property free of trust."

26 Restatement (2d) of Trusts § 261.  This common law rule shows a

27 stark contrast between the duties of the trustee of a deed of

28 trust, as limited by California law, and those of a common law

1  trustee.  A traditional trustee holds title to trust property and

2  is responsible for omissions related to the administration of that

3  property.  Exempting all trustees from TILA would permit trusts

4  acting as lenders to completely evade TILA's provisions.

5       Further, as Plaintiffs point out, U.S. Bank was assigned the

6  ownership interest in the loan by the January 11, 2011 assignment,

7  meaning that U.S. Bank is Wells Fargo's purported assignee.  MTD,

8  at 2.  As an assignee, U.S. Bank falls squarely within 15 U.S.C. §

9  1641(g), which creates liability for the assignees of the loan's

10 original creditor if the assignee fails to notify the borrower of

11 the acquisition.  15 U.S.C. § 1641(g).

12      The Court declines to follow the Wilson court's decision with

13 respect to TILA liability of trustees.  The trustee of a deed of

14 trust enjoys limited liability because it only has two duties in

15 the California statutory foreclosure process, but there is no legal

16 basis to support a holding that limits the liability of all

17 trustees in this manner.  Accordingly, the Court finds that

18 Plaintiffs have properly alleged that U.S. Bank as trustee for

19 WFMBS 2005-AR12, a mortgage-backed-security, is liable for

20 violations of TILA.

21              b)   Damages Pleaded by Plaintiffs

22      U.S. Bank argues that Plaintiffs must plead actual damages to

23 state a claim, and that the actual damages pleaded in the complaint

24 do not meet the appropriate pleading standard.  MTD, at 2-3.

25 Plaintiffs respond that a 1641(g) claimant may recover actual

26 damages, statutory damages, and attorneys' fees and that they

27 appropriately pleaded all three types of damages.  Opp., at 8.

28      15 U.S.C. § 1640(a) authorizes claims for actual damages,

9

1   statutory damages, and attorneys fees for violations of 15 U.S.C.

2   § 1641(g).  Russell v. Mortgage Solutions Mgmt., —Inc., No. CV 08-

3   1092-PK, 2010 WL 3945117, at *6-*7 (D. Or. Apr. 6, 2010)

4   (acknowledging all three types of damages are authorized by § 1640

5   against original creditor's assignee).

6       In this case, Plaintiffs pleaded that U.S. Bank's violation of

7   § 1641(g) caused their home to be foreclosed, presumably because

8   they were unable to contact their actual creditor to negotiate a

9   modification of their loan as they explained in another part of

10  their complaint.  Compl., at 28.  They also pleaded that they had

11  to hire an attorney in order to determine who held their loan.  Id.

12  Finally, Plaintiffs pleaded that U.S. Bank is subject to statutory

13  damages and fees.  Id.  The Court notes that despite pleading all

14  of these damages, Plaintiffs have not pleaded a causal connection

15  between the alleged § 1641(g) violation and their actual damages

16  because the event precipitating the foreclosure was their default,

17  not a lack of notice as to who owned the loan.  Plaintiffs admit

18  that they were unable to make the required payments on the loan

19  without receiving a modification, and they do not plead that a

20  modification is legally required.  Compl., at 16.  Even if

21  plaintiffs are not entitled to actual damages based on the

22  allegations in their Complaint, they did adequately plead that they

23  are entitled to attorneys' fees and statutory damages.

24      Plaintiffs pleaded a claim arising out of U.S. Bank's alleged

25  violation of 15 U.S.C. § 1641(g) and damages associated with that

26  claim, making dismissal at this stage improper.  As a result, U.S.

27  Bank's motion to dismiss this claim is DENIED.

28

1            2.   Plaintiffs' State Law Claims

2               a)   Jurisdiction

3       Defendants argue that the Court does not have federal question

4  jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs'

5  federal TILA claim is not a valid claim.  Plaintiffs respond that

6  the Court does have jurisdiction pursuant to 28 U.S.C. 1331 over

7  the federal TILA claim and jurisdiction pursuant to 28 U.S.C.

8  § 1367 over the pendant state law claims.

9       As discussed above, Plaintiffs did plead a valid federal claim

10  giving the Court jurisdiction over that claim pursuant to 28 U.S.C.

11  § 1331.  The Court may, in its discretion, exercise jurisdiction

12  over pendant state law claims pursuant to 28 U.S.C. 1367.

13      The Court finds that the remaining state law claims are all

14  pendant from the federal TILA claim.  The state law claims arise

15  out of the origination, sale, default, and foreclosure of the note

16  securing the loan used to purchase the Property.  Accordingly, the

17  Court asserts jurisdiction over the state law claims and decides

18  Defendants' motion to dismiss those claims as follows.

19               b)   Negligence Against All Defendants

20      Defendants argue that Plaintiffs failed to adequately plead a

21  negligence cause of action.  MTD, at 7-8.  Specifically, they claim

22  that no defendant owes Plaintiffs a legal duty, which is the second

23  element in a prima facie negligence case.  Id.  Additionally,

24  Defendants argue that California does not permit recovery in

25  negligence absent a physical injury to person or property.  Id. at

26  8.

27      Plaintiffs do not respond to Defendants' arguments in their

28  Opposition.  The Court interprets Plaintiffs' failure to respond as

                                11

1    a concession to Defendants' arguments concerning this claim.

2    Accordingly, the Court GRANTS Defendants' motion to dismiss

3    Plaintiffs' negligence claim with prejudice.

4

          c)    <u>Violation of Business and Professions Code</u>
5                <u>§ 17200, et seq. Against All Defendants</u>

6

7        Defendants argue that Plaintiffs failed to plead that any

     conduct is "unlawful, unfair, or fraudulent" as required for
8
     violations of the § 17200 unfair competition law ("UCL").  MTD, at
9
     8-9.  Plaintiffs respond that they adequately pleaded violations
10
     sufficient to satisfy each of the three varieties of UCL claims
11
     with respect to Wells Fargo and U.S. Bank.
12
         "The purpose of the UCL is to protect both consumers and
13
     competitors by promoting fair competition in commercial markets for
14
     goods and services." <u>Drum v. San Fernando Valley Bar Ass'n</u>, 106
15
     Cal. Rptr. 3d 46, 49 (Ct. App. 2010) (internal citations omitted).
16
     "The California Supreme Court held that the UCL establishes three
17
     varieties of unfair competition—acts or practices which are
18
     [1] unlawful, or [2] unfair, or [3] fraudulent." <u>Id.</u> at 50.  Since
19
     the UCL is written in the disjunctive, a business act or practice
20
     may be alleged to be all or any of the three varieties. <u>Berryman</u>
21
     <u>v. Merit Prop. Mgmt., Inc.</u>, 62 Cal. Rptr. 3d 177, 185 (Ct. App.
22
     2007).  In order to state a claim under the unlawful prong, a
23
     plaintiff must allege facts that show that anything that can
24
     reasonably be characterized as a business practice is also a
25
     violation of law. <u>California v. McKale</u>, 25 Cal.3d 626, 632 (1979).
26
     To show a violation under the fraudulent prong, a plaintiff must
27
     show that members of the public are likely to be deceived by the
28
     practice. <u>Weinstat v. Dentsply Int'l, Inc.</u>, 103 Cal. Rptr. 3d 614,

                                    12

1    622 n. 8 (Ct. App. 2010).  "A plaintiff's burden thus is to

2    demonstrate that the representations or nondisclosures in question

3    would likely be misleading to a reasonable consumer."  Id.

4    Finally, under the unfair prong, three different tests are

5    currently used by California courts to determine if a practice is

6    unfair.  Drum, 106 Cal. Rptr. 3d at 53.

7         In this case, Plaintiffs pleaded that U.S. Bank failed to

8    comply with TILA § 1641(g), as discussed above.  Pleading that U.S.

9    Bank violated TILA is sufficient to maintain a UCL claim against

10   U.S. Bank under the unlawful aspect of the UCL.

11        Plaintiffs also pleaded that Wells Fargo recorded a fabricated

12   assignment of deed of trust assigning interest in Plaintiffs' loan

13   to U.S. Bank. Compl., at 14-16.  As discussed above, Plaintiffs

14   alleged that the recorded assignment was executed well after the

15   closing date of the MBS to which it was allegedly sold, giving rise

16   to a plausible inference that at least some part of the recorded

17   assignment was fabricated.  Plaintiffs allege that such conduct, if

18   proven, constitutes a violation of Cal. Penal Code § 532f(a)(4).

19   Compl., at 24.  That section prohibits any person from filing a

20   document related to a mortgage loan transaction with the county

21   recorder's office that is known to be false, with the intent to

22   defraud.  Cal. Penal Code § 532f(a)(4).

23        Accordingly, the Court DENIES Wells Fargo and U.S. Bank's

24   motion to dismiss this claim.

25   ///

26   ///

27   ///

28   ///

d)   The Requirement to Plead Tender with Respect to the Following Claims: Claim 3) Quasi-Contract, Claim 7) Constructive Trust, Claim 8) Wrongful Foreclosure and to Set Aside Trustee's Sale, Claim 9) Voiding the Trustee's Deed, Claim 10) Quiet Title

Defendants argue that any claim related to a foreclosure that arises in equity must be accompanied by Plaintiffs' credible allegation of tender.  MTD, at 10.  Plaintiffs respond that they must only allege tender, which they claim to have done, and that tender is not required when the validity of the underlying debt is attacked.  Opp., at 11.

A plaintiff is required to allege tender of the full outstanding loan amount in order to maintain any cause of action for irregularity in the non-judicial foreclosure sale procedure. Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996). "[T]he tender rule is not absolute, and a tender may not be required where it is inequitable to do so."  Sacchi v. Mortgage Elec. Registration Sys., Inc., No. CV 11-1658 AHM (CWx), 2011 WL 2533029, at *10 (C.D. Cal. June 24, 2011) (citing Onofrio v. Rice, 55 Cal.App.4th 413, 424, 64 Cal.Rptr.2d 74 (1997)).  "Also, if the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." Onofrio, 64 Cal. Rptr. 2d 74.

Plaintiffs do not adequately plead full tender as required to attack an irregularity in the foreclosure process.  They only plead that they were willing to make modified payments on their loan. Compl., at 16.

On the other hand, Plaintiffs allege that Wells Fargo represented itself as the owner of Plaintiffs' mortgage, but then

14

1  represented that it had already sold the loan to a third party.

2  Compl., at 16.   Then, Plaintiffs allege, Wells Fargo recorded an

3  assignment of their loan to an MBS that was prohibited from

4  accepting it because its closing date was over 5 years prior to the

5  assignment.   Compl., at 17.   Further, on May 26, 2011, Plaintiffs

6  allege that Wells Fargo as the servicer reported to Plaintiffs that

7  it still owned the loan, even though U.S. Bank was foreclosing and

8  Wells Fargo previously recorded an assignment to U.S. Bank.

9  Compl., Ex. B.   Based on these alleged facts, Plaintiffs claim that

10  U.S. Bank does not own their loan, despite the fact that U.S. Bank

11  acted as the foreclosing beneficiary under the deed of trust.

12  Plaintiffs are not saying that U.S. Bank failed to follow the

13  letter of California's statutory foreclosure law; they are claiming

14  that U.S. Bank did not have standing to foreclose in the first

15  place.   Thus, relying on Onofrio, requiring Plaintiffs to tender

16  the full amount of the indebtedness to an entity, U.S. Bank, that

17  is allegedly not the beneficiary to the deed of trust in order to

18  protect Plaintiffs' interest in the Property would be inequitable.

19      Defendants U.S. Bank and Wells Fargo's only ground for seeking

20  dismissal on these causes of action is the tender requirement.   The

21  Court holds that the tender requirement does not apply to this case

22  because Plaintiffs are challenging the beneficial interest held by

23  U.S. Bank in the deed of trust, not the procedural sufficiency of

24  the foreclosure itself.   For this reason, U.S. Bank and Wells

25  Fargo's motion to dismiss these claims because Plaintiffs failed to

26  plead tender is DENIED.

27  ///

28  ///

1

2            e)   Defendants' Motion to Dismiss The Remaining
                  Causes of Action: Claim 1) Declaratory Relief
3                 Against All Defendants and Claim 6) Accounting
                  Against U.S. Bank and Wells Fargo

4        Defendants argue that both remaining causes of action are

5   duplicative of the other causes of action because they are remedial

6   in nature, and are not sufficient to be standalone causes of

7   action.  MTD, at 12.  Plaintiffs do not address the accounting

8   cause of action, but generally argue that the declaratory relief

9   claim is sufficient because deciding it will clarify and settle the

10  dispute and relieve uncertainty.  Opp., at 13.

11                  (1)   Declaratory Relief

12       A claim for declaratory relief is duplicative and unnecessary

13  when it is commensurate with the relief sought through other causes

14  of action.  Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 707-

15  708 (N.D. Cal. 2009).

16       In this case, Plaintiffs put forward other claims, that if

17  decided, will resolve the remaining controversies between the

18  parties and relieve any uncertainty related to the Property.

19  Plaintiffs only argument in support of the claim for declaratory

20  relief is that Defendants claim an interest in the property and

21  will sell the home to another party.  Opp., at 13.  If the Wrongful

22  Foreclosure and Quiet Title claims are decided, however,

23  Defendants' interest in the property will be resolved.

24       For this reason, the claim for declaratory relief is

25  duplicative of the other claims asserted, and Defendants' motion to

26  dismiss it is GRANTED with prejudice.

27                  (2)   Accounting

28       Defendants seek dismissal of this cause of action on the

                                16

1   grounds that the claim is merely remedial as pleaded and therefore

2   duplicative of Plaintiffs' other claims.  Plaintiffs do not respond

3   to this argument in their Opposition.  Accordingly, Defendants'

4   motion to dismiss this claim is GRANTED with prejudice.

5

6                              III. ORDER

7        After carefully considering the papers submitted in this

8   matter and the argument of counsel at the hearing on this motion,

9   it is hereby ordered that Defendant's Motion to Dismiss is GRANTED

10  in part, as follows:

11       1.   Plaintiffs' claim for negligence against Defendants is

12  dismissed with prejudice;

13       2.   Plaintiffs' claims for declaratory relief and an

14  accounting against Defendants are dismissed with prejudice; and

15       3.   The Court's previous Order dismissing with prejudice all

16  remaining claims against First American is reaffirmed.

17       Defendants' motion to dismiss Plaintiffs' remaining claims is

18  DENIED.  Defendants shall file their answers to Plaintiffs'

19  Complaint within twenty (20) days of this Order.

20       IT IS SO ORDERED.

21  Dated: November 16, 2011

22                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28