United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PERFECTO B. AQUINO, JR. and ZENAIDA AQUINO,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BANC OF AMERICA FUNDING 2006-J TRUST; WELLS FARGO BANK, N.A.; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 13-cv-05461-SC<br><br>ORDER GRANTING MOTIONS TO DISMISS |

    This is a mortgage foreclosure dispute. Plaintiffs Perfecto B. Aquino, Jr. and Zenaida Aquino (collectively, "Plaintiffs") assert causes of action for wrongful foreclosure, breach of express agreement, breach of implied agreement, slander of title, violation of California Civil Code section 2923.5, civil RICO violations, violation of the California Unfair Competition Law, violation of the Truth in Lending Act ("TILA"), and injunctive relief. Defendant First American Trustee Servicing Solutions LLC ("First

American") now moves to dismiss, ECF Nos. 18, as do Defendants U.S. Bank, N.A. ("USB") and Wells Fargo N.A. ("Wells Fargo"), ECF No. 22. Both motions are fully briefed, ECF Nos. 24, 27, 30, 31, and appropriate for resolution without oral argument per Civil Local Rule 7-1(b). The Court finds that Plaintiffs' claims are barred by res judicata and GRANTS both motions.

Prior to initiating the instant action, Mr. Aquino filed an action against Defendants in state court. ECF No. 23 (Wells Fargo/USB RJN) Ex. K.[1] As in this action, Mr. Aquino's state court action challenged foreclosure proceedings on his property. Id. Mr. Aquino's state court complaint asserted the very same claims asserted here, with the exception of Plaintiffs' TILA claim. Id. After several rounds of demurrers, the state court dismissed all of Mr. Aquino's claims against Defendants without leave to amend. Wells Fargo/USB RJN Exs. L-T; ECF No. 19 ("First Am. RJN") Exs. A-C. The state court entered judgment in favor of Defendants and against Mr. Aquino on November 27, 2013. Wells Fargo/USB RJN Ex. U; First Am. RJN Ex. D.

Defendants argue that, due to the state court judgments, the instant action is barred by res judicata. The elements of res judicata are: (1) a final judgment on the merits, (2) an identity of claims, and (3) identity or privity between parties. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Plaintiffs contend that the first element is absent. Plaintiffs

---

[1] The Court takes judicial notice of the state court filings attached to Defendants' requests for judicial notice ("RJN"), but not the truth of the matters asserted therein. Cactus Corner, LLC v. U.S. Dept. of Agric., 346 F.Supp.2d 1075, 1098 (E.D.Cal.2004) (Courts "may properly take notice of public facts and public documents."). Plaintiff's objections to the RJN are OVERRRULED.

2

reason that under California Rule of Court 8.104, the state court judgment did not become final until sixty days after the entry of judgment. Rule 8.104 merely provides that a notice of appeal must be filed within sixty days of the notice of entry of judgment. Even if Plaintiff is correct that the rule somehow delays the finality of a judgment, the sixty-day filing period has already elapsed and there is no indication that Mr. Aquino has filed an appeal.[2]

Plaintiffs also argue that the state court judgments do not bar the instant action because Plaintiffs have alleged new facts that cure the pleading defects identified in the prior state court action. Setting aside that Plaintiffs have yet to identify any new factual allegations, the argument lacks merit. Plaintiffs' argument is predicated on language from Wells v. Marina City Properties, Inc., 29 Cal. 3d 781 (1981). In Wells, the California Supreme Court stated that the res judicata effect of a judgment of dismissal is limited where a trial court sustains a demurrer with leave to amend and the plaintiff declines to file an amended complaint. Id. at 789. Such is not the case here: Defendants' demurrers were sustained without leave to amend. See Moore v. Navarro, C 00-03213 MMC, 2004 WL 783104, at *6 n.7 (N.D. Cal. Mar. 31, 2004) (distinguishing the two situations).

Thus, the Court finds that the first two elements of res judicata are satisfied. The third element is also satisfied because Mr. Aquino and Defendants were also parties to the state

---

[2] In any event, an appeal in state court would not change the outcome here. The Court would abstain from adjudicating this case if the same issues were still being litigated in a parallel state proceeding.

3

court action, and Mrs. Aquino is in privity with Mr. Aquino.  In sum, Plaintiffs cannot avoid the judgment of the state court by filing identical claims in federal court.  As Plaintiffs' claims are barred by res judicata, the Court GRANTS Defendants' motions to dismiss.  Plaintiffs' claims are DISMISSED WITH PREJUDICE.

　　　　IT IS SO ORDERED.

　　　　February 20, 2014         
                                  UNITED STATES DISTRICT JUDGE

4